

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-78,106-01

### Ex parte DOUGLAS TYRONE ARMSTRONG, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM HIDALGO COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER, J., joined.**

The habeas court recommended denying relief. We should defer to that recommendation, and to the court's findings of fact, as long as the findings are supported by the record.[1]

The Court concludes that counsel was ineffective for failing to discover favorable psychological expert testimony. This testimony comes from out-of-state experts proffered by habeas counsel. But the habeas court found that it would not have approved funds for out-of-state experts. There may be occasions when the refusal to approve funds for an out-of-state expert would be an

---

[1] *See Ex parte Owens*, 515 S.W.3d 891, 895 (Tex. Crim. App. 2017) ("Because the trial judge is in the best position to assess the credibility of witnesses, in most circumstances, we defer to and accept a trial judge's findings of fact and conclusions of law when they are supported by the record.").

abuse of discretion—when the area of expertise is so specialized or uncommon that local experts are simply unavailable. But that is not the case here. The expertise of the out-of-state witnesses seems to be of the kind we routinely see in cases before this Court, and nothing in the record suggests that psychologists with similar credentials are unavailable locally.[2] The Court seems to agree, but it strays from the proper analysis of the matter by saying that there is no basis for concluding that local experts would have testified any differently than the out-of-state experts. It is Applicant's burden to prove his claim.[3] If local experts would testify similarly, then where are they? And why would Applicant go out of state if local experts would testify the same? Maybe habeas counsel really had to shop around to find experts who would give the favorable conclusions that Applicant wants. Regardless, Applicant has not shown that his proffered expert testimony could have been presented at trial.[4]

The habeas court also found it unlikely that a Hidalgo County jury would have been influenced by the kind of mitigating evidence Applicant presented because "the conditions Applicant had grown up in, particularly the poverty and violence mentioned by Applicant's family members,

---

[2] *Cf. Ex parte Flores*, 387 S.W.3d 626, 642 (Tex. Crim. App. 2012) (Keller, P.J., concurring) ("As a matter of law, the decision to call a well-qualified, local, hands-on expert instead of a well-qualified, out-of-state, research expert does not constitute deficient performance.").

[3] *See Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016) ("An applicant for a post-conviction writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence.").

[4] *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) ("To obtain relief on an ineffective assistance of counsel claim based on an uncalled witness, the applicant must show that [the witness] had been available to testify and that his testimony would have been of some benefit to the defense."); *Tisius v. State*, 183 S.W.3d 207, 213 (Mo. 2006) ("When a movant claims ineffective assistance of counsel for failure to locate and present expert witnesses, he must show that such experts existed at the time of trial, that they could have been located through reasonable investigation, and that the testimony of these witnesses would have benefited movant's defense.").

is in many respects, similar to the conditions encountered by residents of colonias and other poor neighborhoods in Hidalgo County." The Court contends that we cannot consider the habeas court's assessment of what a Hidalgo County jury would be likely to do because *Strickland*'s[5] prejudice inquiry should not depend on the idiosyncracies of a particular decision-maker, such as unusual tendencies towards harshness or leniency.

I think the Court reads too much into the passage it cites. *Strickland* says that in determining prejudice, an appellate court should presume that the jury followed the law, and that the decision maker is "reasonably, conscientiously, and impartially applying" the standards that govern the decision.[6] The reviewing court must "exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like," and the defendant has no entitlement to a "lawless decisionmaker."[7] The Court does *not* say that the reviewing court should disregard what an actual jury would have done, and in fact that concept would be contrary to *Strickland*'s requirement that a defendant show that error "actually" had an adverse effect on the defense. The Court does not explain why we should consider a "typical Hidalgo County jury" to be idiosyncratic or "unusually" harsh, and I believe that the habeas judge is entitled to deference on what would likely influence a local jury.

I respectfully dissent.

Filed: November 15, 2017

Do not publish

---

[5] *Strickland v. Washington*, 466 U.S. 668 (1984).

[6] *Id.* at 695.

[7] *Id.*